WINDOM, Presiding Judge,
concurring in the result.
As detailed in the special writings in Ankrom v. State, 152 So.3d 373, 385-97 (Ala.Crim.App.2011), our criminal-justice system does not provide individuals charged by a facially valid indictment with a mechanism by which to seek a summary judgment. Here, as in Ankrom, Walker sought the equivalent of a summary judgment when he moved the circuit court to dismiss the charges against him based on his belief that the State could not present *430 evidence establishing that' he was guilty of first-degree theft of services. See § 13A-8-10.1, Ala.Code 1975. ■ Because the relief Walker sought — a summary judgment in his favor — is not available in a criminal prosecution, I would reverse the circuit court’s order granting his motion and would not address the merits of his1 argument that the circuit court’s decision was proper pursuant to -AnUrom. Therefore, I concur in the result.